M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>JOSHUA OKPOWRUK,<br><br>          Defendant. | Case No. 4:06-cr-0019-TWH<br><br>**MOTION TO DISMISS** |

I.   Introduction

Joshua Okpowruk is named in a single count information charging the following Class A misdemeanor:

> On or about the 1st of September, 2000, in the District of Alaska, Joshua Okpowruk did unlawfully and knowingly sell and offer to sell a marine mammal product, to wit a walrus head mount with raw unaltered tusks, for the purposes other than those provided under subsection 1374(c) of Title 16, United States Code, all in violation of Title 16, United States Code, § 1372(a)(4)(B).

On January 1, 2005, Anchorage police officers searched the home of Gilbert Castro. In Mr. Castro's residence, officers found, among other contraband, a set of walrus tusks in a snout. In addition, officers found a letter allegedly written by Mr. Okpowruk

offering to sell a walrus head mount, as well as instructions as to how to mount the tusks to keep them from falling out of the snout.

In March 2005, S/A John Rawls traveled to Wainwright, Alaska, to interview Mr. Okpowruk regarding the head mount found in Mr. Castro's residence. Mr. Okpowruk was not in custody and allegedly made incriminating statements linking him with the tusks found in Mr. Castro's home. No action was taken against Mr. Okpowruk during the March interview.

On July 20, 2005, S/A Rawls issued a violation notice to Mr. Okpowruk. (Exhibit A) The violation stated that the offense being charged was 16 U.S.C. § 1372. Although the violation notice stated that Mr. Okpowruk was to appear in court on December 15, 2005, it listed no time. In addition, under the heading of "court address," the notice listed a toll free number for the central violations bureau. At this time, undersigned counsel has no indication that Mr. Okpowruk ever appeared in court on the citation. On January 19, 2006, the government dismissed the citation. (Exhibit B) On March 30, 2006, more than five years from the alleged criminal conduct, the government filed an information charging Mr. Okpowruk with 16 U.S.C. § 1372, a Class A misdemeanor.

II.     Argument

There is no dispute that the applicable statute of limitation is 18 U.S.C. § 3282, providing that a defendant may not be prosecuted "unless the **indictment is found or the information is instituted** within five years next after such offense shall have been committed." (Emphasis added.) Here, the offense is alleged to have occurred on September 1, 2000. The statue of limitations would have expired on September 1, 2005.

The government did not file the information until March 30, 2006. The prosecution is clearly outside of the five year period and should not be allowed to proceed. Mr. Okpowruk asks that the information be dismissed.

III.     The Violation Notice Does Not Stop the Statute of Limitations

In the plain words of the statute, 18 U.S.C. § 3282, the statute of limitations does not stop running unless the government comes forward with an "indictment" or "information." The statute does not include issuing the defendant a citation as law enforcement did here. Congress passed this statute in 1948 and has amended it several times since. At no time has "citation" or for that matter even "complaint" been added. The general rule is that the court must defer to the "plain meaning" of a statute. Botosan v. Paul McNally Realty, 216 F.3d 827, 831 (9th Cir. 2000). This court should not add a category that the legislature excluded.

There is a good reason for the statute's omission of the word "citation." The legislature obviously decided that only a formal, sufficient charging document could stop the running of the statute of limitations. A citation does not constitute a formal charge upon which trial may proceed. Indeed, when prosecuting a defendant for a Class A misdemeanor, Federal Rule of Criminal Procedure 58(b) requires the filing of an information or complaint. United States v. Rojo, 727 F.2d 1415 (9th Cir. 1083).[1]

In Rojo, the defendant was accused of theft under 18 U.S.C. § 641. He was issued a citation. When the case came up for trial, Rojo filed a motion to dismiss based

---

[1] Although the Rojo court was interpreting Magistrate Rule 2(a), the advisory committee notes to Fed. R. Crim. P. 58 clearly state that "no substantive changes were intended" in the reinstatement of the rules.

on the inadequacy of the citation. The magistrate denied his motion. After a bench trial, Rojo was found guilty and sentenced to a six month period of probation. The Ninth Circuit held that, even though the government did not intend to argue for a sentence of incarceration, a Class A misdemeanor must be charged by way of information. Thus, prosecution by way of a citation is impermissible for non-petty offenses.

No case located by defense counsel permits the government to use a violation notice to stop the running of the statute of limitations. By analogy, Mr. Okpowruk argues that because a violation notice cannot start the speedy trial period, it cannot stop the statute of limitations. See United States v. Boyd, 214 F.3d 1052 (9th Cir. 2000) (holding that a violation notice will not be equated with a complaint to begin the Speedy Trial Act's clock).

The plain language of 18 U.S.C. § 3282 requires the filing of an indictment or information. Vastly different levels of judicial scrutiny apply to informations, complaints and violation notices. An action based on an indictment, information or complaint guarantees that the charges receive initial attention from a neutral magistrate. By contrast, a violation notice is completed by law a enforcement officer alone, without the oversight of a magistrate. Here, the violation notice was served in July 2005. The court date noted on the notice was December 2005, some six months later. There is no indication that Mr. Okpowruk ever appeared before a magistrate before the ticket was dismissed in January 2006. Following the dismissal, the government waited an additional three months before filing the information.

This prosecution should have been started with an information obtained before the statute of limitations ran. The prosecution waited too long. The violation notice

is not a permissible tolling mechanism wither in the words of the statute or in common sense. The information was filed over seven months late. The information in this case must be dismissed.

DATED this 31st day of May, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on May 31, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Stephen Cooper, Esq.

/s/ M. J. Haden