DEBORAH M. SMITH
Acting United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, AK 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
E-mail: stephen.cooper@usdoj.gov

Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No. 4:06-cr-019 (TWH) |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **OPPOSITION TO MOTION TO** |
| vs. | ) | **DISMISS** |
| | ) | |
| JOSHUA OKPOWRUK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

    Plaintiff, the United States of America, opposes defendant's motion to dismiss on grounds of the statute of limitations, 18 U.S.C. § 3282.

Plaintiff agrees that barring any ambiguity, statutes must be read according to their plain meaning. For this principle defendant cites Botosan v. Paul McNally Raalty, 216 F.3d 827 (9th Cir. 2000), which holds that this rule of interpretation applies where the statutory language is clear "and consistent with the statutory scheme at issue." Id. at 831.

Defendant's reading of § 3282 would mean either that any and every petty offense that may be tried on a citation, as well as every class A misdemeanor that may be tried on a complaint, must be prosecuted by indictment or information if they would otherwise be barred by the statute of limitations. Alternatively, defendant's interpretation would mean that the statute of limitations does not apply to misdemeanors because misdemeanors may be tried and sentenced on a complaint or a ticket, neither of which is covered by the plain meaning of the statute, § 3282. Both interpretations are inconsistent with "the statutory scheme at issue."

Plainly, the statute of limitations must be read to apply to misdemeanors. Therefore, just as plainly, the charging document upon which misdemeanors may be prosecuted is sufficient against a limitations bar if it was instituted within 5 years of the date of the offense, even if that charging document is not an indictment or an information. Hence, the filing of a violation notice tolls the running of the statute of limitations. Defendant has offered no authority in point on this issue. The only authority plaintiff has thus far found is a state case, Dutton v. Alabama, 807 So.2d 596, 599 (C.C.A. Ala. 2001), upholding a traffic ticket as sufficient, but not citing the text of the statute of limitations.

Since the statutory scheme requires § 3282 to be read as applying more broadly than strictly to indictments and informations, the filing of the violation notice here stopped the running of the limitations period.  This is true even if the violation notice was not the kind of document upon which the trial might proceed.  Rule 58(b), FRCP, pertains only to "the trial", not to "the institution of the prosecution."  Rule 58(b) simply provides that the trial may proceed on a complaint or a violation notice for class A or petty offenses respectively.  It is unreasonable and contrary to the plain meaning of § 3282 to read it as requiring that the limitations period is not tolled unless the charging document is of the kind on which the trial might proceed.  Felonies must constitutionally be prosecuted by indictment unless the defendant waives indictment.  Yet the filing of an information is sufficient compliance with § 3282 to toll the limitations period for a felony, even absent a defendant's waiver of indictment. United States v. Burdix-Dana, 149 F.3d 741, 743 (7th Cir. 1998).  The court there reasoned that "instituting the information" which is all the statute requires, is not equivalent with instituting the prosecution or being able to proceed with the prosecution or trial.  Thus, here, instituting the violation notice in July 2006 is not equivalent to being able to proceed to trial on that document, but it should be held to comply with the statute of limitations because the charging document was instituted less than five years before the offense was committed in September 2001.

Furthermore, the noted dismissal of the violation notice on January 19, 2006, was plainly a clerical error and an oversight, because this Court after January 19 repeatedly acted inconsistently with the belief that it had dismissed the violation

notice, namely, by entering its January 26 Order to Appear, and its March 28 Order issuing a bench warrant, both on the violation notice.

The reason for the passage of time in the present case is not at all the result of any dilatoriness whatever on the part of the United States. As the discovery already produced to the defense reveals, the commission of the charged offense first came to light in January 2005, when the Anchorage Police Department, based on a controlled purchase of marijuana, obtained a search warrant for a subject's apartment, and during the search found defendant Okpowruk's letter to the subject saying that he, Okpowruk, was therewith shipping to the subject a walrus head mount with tusks, and requested marijuana and cocaine in return. The United States Fish & Wildlife Service obtained the letter and the walrus head and 2 tusks from the police, contacted Okpowruk, and obtained both his confession and his agreement to pay a fine for the sale of the walrus parts.

Accordingly, the first of two violation notices was issued to Okpowruk in June 2005, on the arrangement that he would pay the indicated fine. When he failed to do so he was recontacted, agreed again to pay, and accordingly to allow him the time to do so, the United States dismissed the first violation notice and issued a second one, which is the one now before the Court dated July 20, 2005. It was expressly to accommodate defendant's repeated representations that he wished to pay this ticket, that the case was allowed to proceed past the 5-year anniversary of the offense without resorting to filing of an information which is only required by the rule if the case is to proceed to trial.

Equitably, therefore, it is not the United States but the defendant who has put the government in the position it now faces, of seeking to maintain this prosecution at this time.

Accordingly, this Court should rule that the dismissal of January 19, 2006, was a clerical oversight and is vacated, and that this prosecution is not barred by the statute of limitations.

WHEREFORE, the motion to dismiss must be denied.

RESPECTFULLY SUBMITTED this 9th day of June, 2006, at Fairbanks, Alaska.

                DEBORAH M. SMITH
                Acting United States Attorney

                /s/ Stephen Cooper
                STEPHEN COOPER
                Assistant United States Attorney
                Federal Building & U.S. Courthouse
                101 12th Avenue, Room 310
                Fairbanks, AK 99701
                Phone: (907) 456-0245
                Fax: (907) 456-0577
                E-mail: stephen.cooper@usdoj.gov

                Attorneys for the Plaintiff

**DECLARATION**

I declare under penalty of perjury that
a true and correct copy of the foregoing
**OPPOSITION TO MOTION TO DISMISS** was
sent to the following counsel of record
on June   9  , 2006, via electronic
filing notice:

M. J. Haden
Assistant Federal Defender
Federal Public Defender
601 West 5th Avenue, Suite 800
Anchorage, Alaska  99501


 /s/ Stephen Cooper
Office of the United States Attorney