IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br>vs.<br><br>JOSHUA OKPOWRUK,<br><br>    DEFENDANT. | CASE NO. 4:06-CR-00019-TWH<br><br>**MEMORANDUM AND ORDER RE:**<br>**DEFENDANT'S MOTION TO DISMISS**<br>**AT DOCKET NO. 14** |

  Defendant, Joshua Okpowruk, has filed a Motion to Dismiss at Docket No. 14. The Government opposes at Docket No. 17. After careful consideration of both parties' pleadings, and review of the written and audio record of this case, this Court now submits the following Memorandum and Order.

  Defendant asserts that the citation issued to him on July 20th, 2005, alleging misconduct on September 1st, 2000, was dismissed on January 19th, 2006, Docket No. 14-1, p. 2. In support of this position, defendant provides Exhibit B, which is a copy of the electronic information sheet found on the Central Violations Bureau (CVB) website regarding said citation. In effect, defendant urges this Court to find that Exhibit B is proof that on January 19th, 2006, the citation was dismissed. This Court has reviewed the digital audio recording of the CVB hearing conducted by Magistrate Judge Roberts on January 19th, 2006, from which Exhibit B apparently emanated. The defendant, his case, and citation were never mentioned or acted upon in any fashion by Magistrate Judge Roberts at the January 19th, 2006 hearing. Moreover, there was no evidence defendant made a motion to dismiss his citation since defendant did not appear at the hearing.

1

The record also reflects that on March 31st, 2006, the Government filed an Information charging the defendant with the same alleged misconduct described on the original CVB citation. This Court signed an Order on April 12th, 2006, dismissing defendant's citation without prejudice upon a request from the Government. [Annex 1] Therefore, it is clear that the citation was not dismissed on January 19th, 2006, but was in fact dismissed <u>after</u> the Information was filed by the Government.

Defendant also alleges that the Information filed March 31st, 2006, was, "...more than five (5) years from the alleged criminal conduct..." and therefore was outside the statute of limitations set forth in 18 U.S.C. § 3282. Docket No. 14-1, p.2. Neither party as provided an authority directly on point. This Court is required to interpret 18 U.S.C. § 3282 by its plain meaning. This Court interprets 18 U.S.C. § 3282 as meaning that when a defendant receives notice of alleged misconduct through a citation, that notice is sufficient to satisfy 18 U.S.C. § 3282 even though the vehicle to give that notice is not the final document used to proceed to trial. Thus, just as an Information can give way to an Indictment, a citation can give way to an Information.

This Court finds that the statute of limitations was tolled by the issuance of the citation to the defendant on July 20th, 2005, which was within the five year period established by 18 U.S.C. § 3282. Accordingly, IT IS HEREBY ORDERED that defendant's Motion to Dismiss at Docket No. 14 is DENIED.

DATED at Fairbanks, Alaska, this <u>23rd</u> day of <u>June, 2006</u>.

                                        /s/TERRANCE W. HALL
                                      TERRANCE W. HALL
                                      U.S. Magistrate Judge